UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

MICHAEL DESHAW and
MICHAEL STEFANOWICZ,

Plaintiffs,

-against-

WORKRITE UNIFORM COMPANY, INC.,
and WESTEX, INC.,

Defendants.

**COMPLAINT**

**JURY TRIAL DEMANDED**

Civil Case No.: 1:14-CV-586 (GTS/CFH)
Date Filed: ____________

Plaintiffs, Michael Deshaw and Michael Stefanowicz, by and through their attorneys, Girvin & Ferlazzo, P.C., as and for their Complaint, state and allege as follows:

**PARTIES**

1. At all times relevant herein, Plaintiff Michael Deshaw ("Plaintiff Deshaw") was and remains a natural person residing at 134 Davis Avenue, located in the Town of Waterford, in the County of Saratoga, in the State of New York.

2. At all times relevant herein, Plaintiff Michael Stefanowicz ("Plaintiff Stefanowicz") was and remains a natural person residing at 61 Columbus Ave., located in the Town of Waterford, in the County of Saratoga, in the State of New York.

3. Plaintiff Deshaw and Plaintiff Stefanowicz are hereinafter collectively referred to as "Plaintiffs".

4. Upon information and belief, Defendant Workrite Uniform Company, Inc. ("Defendant Workrite") was and remains a corporation duly organized and existing under the laws of the State of California, having a principal place of business at 1701 N. Lombard Street,

Suite 200, in the City of Oxnard, in the County of Ventura, in the State of California. Defendant is a citizen of the State of California, within the meaning of 28 U.S.C. § 1332(c).

5. Upon information and belief, Defendant Westex, Inc. ("Defendant Westex") was and remains a corporation duly organized and existing under the laws of the State of Illinois, having a principal place of business at 2845 W. 48th Place, in the City of Chicago, in the County of Cook, in the State of Illinois. Defendant Westex is a citizen of the State of Illinois, within the meaning of 28 U.S.C. § 1332(c).

6. Defendant Workrite and Defendant Westex are hereinafter collectively referred to as "Defendants".

**JURISDICTION AND VENUE**

7. The jurisdiction of this Court is invoked under 28 U.S.C. §1332.

8. Venue in the Northern District of New York is proper under 28 U.S.C. §1391, based on the fact that a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in the Town of Waterford, State of New York, which is within the jurisdiction of the Northern District of New York, and/or a substantial part of property that is the subject of the action is situated in the Town of Waterford, State of New York, which is within the jurisdiction of the Northern District of New York.

9. At all times relevant herein, Defendant Workrite transacted business within the State of New York or contracted to supply goods and services in the State of New York.

10. At all times relevant herein, Defendant Workrite committed a tortuous act without and/or within the State of New York, causing injury to the Plaintiffs within the State of New York.

11. At all times relevant herein, Defendant Workrite regularly does or solicits business or engages in other persistent courses of conduct or derives substantial revenue from goods used or consumed or services rendered in the State of New York.

12. At all times relevant herein, Defendant Workrite expects or should reasonably have expected that its tortuous acts would have consequences in the State of New York, and Defendant Workrite derives substantial revenue from interstate or international commerce.

13. At all times relevant herein, Defendant Westex transacted business within the State of New York or contracted to supply goods and services in the State of New York.

14. At all times relevant herein, Defendant Westex committed a tortuous act without the State of New York, causing injury to the Plaintiffs within the State of New York.

15. At all times relevant herein, Defendant Westex regularly does or solicits business or engages in other persistent courses of conduct or derives substantial revenue from goods used or consumed or services rendered in the State of New York.

16. At all times relevant herein, Defendant Westex expects or should reasonably have expected that its tortuous acts would have consequences in the State of New York, and Defendant Westex derives substantial revenue from interstate or international commerce.

**FACTUAL ALLEGATIONS**

17. Upon information and belief, Defendant Westex designs, develops, and/or manufactures fire resistant fabrics sold both internationally and in the United States of America, including within the State of New York.

18. Upon information and belief, Defendant Westex is the designer, developer, and/or manufacturer of UltraSoft® fire resistant fabric, used in the manufacture of fire resistant clothing, and placed said UltraSoft® fabric into the stream of commerce.

19. Defendant Westex represents on its website that its fabrics, including UltraSoft®, provide customers with flash fire protection, will self-extinguish, and will provide guaranteed flame resistance for the life of the garment.

20. Defendant Westex represents on its website through videos and charts that its fabrics, including UltraSoft®, have superior fire resistant properties.

21. Upon information and belief, Defendant Workrite designs, manufactures, supplies and/or distributes clothing made with Defendant Westex's UltraSoft® fire resistant fabric both internationally and in the United States of America, including within the State of New York.

22. Upon information and belief, Defendant Workrite designs, manufactures, supplies and/or distributes work shirts and work pants made with Defendant Westex's UltraSoft® fire-resistant fabric, and placed said clothing into the stream of commerce.

23. Defendant Workrite represents on its website that it provides customers with knowledgeable consultations and flexible customization to ensure that the end users are protected from unreasonable risks associated with fire and heat sources.

24. Upon information and belief, Defendant Workrite's knowledgeable consultations are performed by competent employees and representative who obtain site specific information for the application of the products to be sold to the customer and to be used by the customer and its employees.

25. Defendant Westex and Defendant Workrite act together to provide fire resistant fabric and clothing to consumers.

26. At all times relevant herein, Plaintiffs were employed by Momentive Performance Materials, Inc. ("Momentive") which is located at 260 Hudson River Road, in the Town of Waterford, in the County of Saratoga, in the State of New York.

27. Defendants knew or should have known that the manufacturing activities of Momentive were inherently dangerous and could result in flash fires which would generate intense heat and dangerous conditions.

28. Defendant Workrite sold work shirts and work pants made with Defendant Westex's UltraSoft® fire-resistant fabric to Momentive for its employees.

29. Plaintiffs' work attire consisted of clothing made with UltraSoft® fire-resistant fabric, designed, manufactured, supplied and/or distributed by Defendants, specifically work shirts (Workrite product number: 298UT70) and work pants (Workrite product number: 431UT95).

30. Plaintiffs' work attire consisting of said work shirts and work pants is hereinafter collectively referred to as "UltraSoft® Clothing".

31. Upon information and belief, the UltraSoft® Clothing that was worn by Plaintiffs, while working at Momentive, was represented by Defendants to Momentive as fire resistant, and as adequate protection for its intended use by employees, such as Plaintiffs, in their work capacity at Momentive.

32. Momentive purchased for its employees' use, said UltraSoft® Clothing in reliance upon said representations made by Defendants.

33. Plaintiffs were foreseeable users of said UltraSoft® Clothing purchased by Momentive from Defendants.

34. Defendants provided warning labels on the shirts and pants sold to Momentive, after the consultation with Defendant Workrite, which were worn by Plaintiffs.

35. These labels failed to warn Plaintiffs of deficiencies of the product and failed to warn Plaintiffs of the need to wear additional protective gear in order to gain the protection afforded and represented in the Defendants' websites for flash fires.

36. On May 25, 2011, Plaintiffs were performing their duties as employees at Momentive while wearing the UltraSoft® Clothing issued to them by Momentive which was designed, recommended, and sold to Momentive by Defendants.

37. On May 25, 2011, a flash fire occurred at Momentive, causing the UltraSoft® Clothing that Plaintiffs were wearing to catch fire, causing Plaintiffs to suffer serious injuries and requiring their hospitalization.

38. The flash fire resulted in injuries and burns to parts of Plaintiffs' bodies that were covered by the UltraSoft® Clothing.

39. As a direct and proximate cause of Plaintiffs' use of Defendants' insufficient and inadequate UltraSoft® Clothing, Plaintiffs suffered serious and permanent injuries to their bodies and/or enhanced injuries which should not have occurred if Defendants' products worked as represented.

40. As a result of the insufficient and/or inadequate UltraSoft® Clothing and/or warnings, designed, manufactured, sold, and/or distributed by Defendants, Plaintiffs were not fully or adequately protected from foreseeable risks and were caused to sustain certain serious and permanent physical injuries; great pain, mental anguish, and suffering; a loss of ability to carry out their usual and customary activities; a loss of enjoyment of life; was caused to expend substantial sums of money for medical care and treatment; was rendered sick, sore, lame, and disabled; and has suffered a loss of past and future income.

41. The injuries to Plaintiffs were caused solely by the actions, omissions, and/or conduct of Defendants, their agents, servants, and/or employees, without any contributory negligence on the part of Plaintiffs.

42. As a direct result of the unlawful actions of Defendants, Plaintiffs have individually each suffered damages well in excess of $75,000.00.

**AS AND FOR A FIRST CAUSE OF ACTION**
**Strict Liability (Failure to Warn)**

43. Plaintiffs repeat all prior allegations as if set out in full herein.

44. Defendants designed, manufactured, sold, and/or distributed the UltraSoft® Clothing and/or fabric worn by Plaintiffs at Momentive.

45. Defendants reasonably expected that the UltraSoft® Clothing and/or fabric would be sold and/or distributed to consumers and used in the manner that it was used by Plaintiffs while employed by Momentive, at the time Plaintiffs suffered injuries.

46. At the time of the design, manufacture, sale, and/or distribution of the subject UltraSoft® Clothing and/or fabric, it did not contain adequate warnings to alert Plaintiffs to its flammability risks and dangers and the inadequacy of Defendants' products for the prevention of enhanced or increased injuries during a flash fire.

47. Plaintiffs would have read adequate warnings had Defendants provided them.

48. Plaintiffs relied upon the UltraSoft® Clothing and fabric to protect them from flash fires while performing their jobs.

49. At the time of Plaintiffs' injuries, the UltraSoft® Clothing and/or fabric was being used for the purposes and in a manner reasonably foreseeable to Defendants.

50. As a direct and proximate result of the inadequate warnings failing to warn Plaintiffs of the flammability risks and dangers associated with the insufficient and inadequate UltraSoft® Clothing and/or fabric, Plaintiffs were injured and suffered damages including, but not limited to, medical expenses, medical treatment, mental anguish and distress, and lost income.

51. As a direct result of the unlawful actions of Defendants, Plaintiffs have individually each suffered damages well in excess of $75,000.00.

**AS AND FOR A SECOND CAUSE OF ACTION**
**Negligence (Failure to Warn)**

52. Plaintiffs repeat all prior allegations as if set out in full herein.

53. Defendants had a duty to exercise reasonable care in providing adequate warnings of the flammability risks and dangers associated with reasonably foreseeable uses of the UltraSoft® Clothing and/or fabric used by Plaintiffs at Momentive.

54. Defendants breached this duty of reasonable care to provide adequate warnings.

55. Plaintiffs would have read adequate warnings had Defendants provided them.

56. Plaintiffs relied upon the UltraSoft® Clothing and fabric to protect them from flash fires while performing their jobs.

57. The failure of Defendants to exercise reasonable care in adequately warning of flammability risks and dangers associated with the UltraSoft® Clothing and/or fabric worn by Plaintiffs and that it was insufficient and inadequate for Plaintiffs' uses directly and proximately caused Plaintiffs to be injured and suffer damages including, but not limited to, medical expenses, medical treatment, mental anguish and distress, and lost income.

58. As a direct result of the unlawful actions of Defendants, Plaintiffs have individually each suffered damages well in excess of $75,000.00.

**AS AND FOR A THIRD CAUSE OF ACTION**
**Negligence (Failure to Give Knowledgeable Consultation)**

59. Plaintiffs repeat all prior allegations as if set out in full herein.

60. Defendant Workrite advertises that it will provide customers with knowledgeable consultations and flexible customization and had a duty to provide said services to Momentive.

61. Defendant Workrite represents that its employees who provide knowledgeable consultations are competent and able to perform the appropriate level of inquiry and investigation to provide a specialized and knowledgeable consultation which is industry and location specific and directed to protect the end user.

62. Defendant Workrite breached this duty by failing to provide a knowledgeable consultation and/or flexible customization to Momentive to determine what clothing and/or fabric would provide adequate safety to Momentive's employees, including Plaintiffs, and by failing to provide competent employees to make a properly knowledgeable recommendation to Momentive.

63. Defendant Workrite recommended to Momentive the UltraSoft® Clothing and/or supported Momentive's selection of the UltraSoft® Clothing, which was inadequate and/or insufficient to fully or partially protect Plaintiffs from a flash fire, which was foreseeable due to the nature of Momentive's activities and which was known to Defendant Workrite.

64. Defendant Workrite also breached this duty by failing to advise and/or recommend alternative products to Momentive that would sufficiently and adequately protect Plaintiffs.

65. Defendant Workrite's failure to provide a knowledgeable consultation and/or flexible customization, directly and proximately caused Momentive to purchase and give to its employees the UltraSoft® Clothing, which was inadequate and/or insufficient for its intended use, and directly and proximately led Plaintiffs to be injured and suffer damages including, but not limited to, medical expenses, medical treatment, mental anguish and distress, and lost income.

66. As a direct result of the unlawful actions of Defendant Workrite, Plaintiffs have individually each suffered damages well in excess of $75,000.00.

**AS AND FOR A FOURTH CAUSE OF ACTION**
**Breach of Implied Warranty of Fitness for a Particular Purpose**

67. Plaintiffs repeat all prior allegations as if set out in full herein.

68. Defendants knew or should have known that the UltraSoft® Clothing and/or fabric used by Plaintiffs at Momentive would be used for the particular purpose for which Plaintiffs used the UltraSoft® Clothing and/or fabric when they were injured.

69. Defendants knew or should have known that those using the product, including Plaintiffs, would rely on Defendants' knowledgeable consultations, flexible customization, and advertisements of flash fire protection, self-extinguishing characteristics, and superior fire resistant properties, as well as their skill and judgment to create a fire resistant program to ensure that the UltraSoft® Clothing and/or fabric used by Plaintiffs at Momentive was reasonably safe and provided adequate protection for the particular purpose for which the UltraSoft® Clothing and/or fabric was used.

70. The UltraSoft® Clothing and/or fabric used by Plaintiffs at Momentive was not suitable and/or did not provide the adequate level of protection for the particular purpose for which the UltraSoft® Clothing and/or fabric was worn.

71. Defendants' failures to provide UltraSoft® Clothing and/or fabric or an alternative product that was suitable and provided adequate protection for the particular purpose for which it was intended directly and proximately caused Plaintiffs to be injured and suffer damages including, but not limited to, medical expenses, medical treatment, mental anguish and distress, and lost income.

72. As a direct result of the unlawful actions of Defendants, Plaintiffs have individually each suffered damages well in excess of $75,000.00.

WHEREFORE, Plaintiffs Michael Deshaw and Michael Stefanowicz demand that Judgment be entered herein as follows:

(A) On the First Cause of Action, against Defendants for compensatory damages in an amount to be determined at trial;

(B) On the Second Cause of Action, against Defendants for compensatory damages in an amount to be determined at trial;

(C) On the Third Cause of Action, against Defendant Workrite for compensatory damages in an amount to be determined at trial;

(D) On the Fourth Cause of Action, against Defendants for compensatory damages in an amount to be determined at trial;

(E) Together with such other and further relief as the Court deems just and proper, including the costs, disbursements, and reasonable attorneys' fees associated with this action, and interest thereon.

**A JURY TRIAL IS HEREBY DEMANDED**

DATED: May 16, 2014

Respectfully submitted,

By:______________________________

Salvatore D. Ferlazzo, Esq.
Bar Roll No.: 101634
Christopher J. Honeywell, Esq.
Bar Roll No.: 518080
*Attorneys for Plaintiffs*
20 Corporate Woods Boulevard
Albany, New York 12211
Tel: 518-462-0300
Fax: 518-462-5037
Email: sdf@girvinlaw.com
Email: cjh@girvinlaw.com